IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| HONG THI THU LE,               )<br>                                             )<br>            Plaintiff,         )<br>                                             )<br>     v.                              )<br>                                             )<br>MICHAEL J. ASTRUE,       )<br>Commissioner of Social Security, )<br>                                             )<br>            Defendant.      )<br>_____) | Civil No. 09-627-JE<br><br>OPINION AND ORDER |

        Richard A. Sly
        1001 S.W. 5th Avenue, Suite 310
        Portland, OR 97204

        Linda Ziskin
        P.O. Box 2237
        Lake Oswego, OR 97035

                Attorneys for Plaintiff

        Dwight C. Holton
        U.S. Attorney
        Adrian L. Brown
        Assistant U.S. Attorney
        1000 S.W. 3rd Avenue, Suite 600
        Portland, OR 97204-2902

1 - OPINION AND ORDER

        Michael S. Howard
        Special Asst. U.S. Attorney
        Office of the General Counsel
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 901
        Seattle, WA 98104-7075

            Attorneys for Defendant

JELDERKS, Magistrate Judge:

    Plaintiff Hong Thi Thu Le brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (the Commissioner) denying her request for Social Security Supplemental Security Income (SSI) benefits pursuant to the Social Security Act (the Act). Plaintiff seeks an Order remanding this action to the Social Security Administration (the Agency) for an award of benefits. In the alternative, plaintiff seeks an Order remanding the action to the Agency for further proceedings.

    For the reasons set out below, the Commissioner's decision is reversed, and this action is remanded to the Agency for an award of benefits.

## Procedural Background

    Plaintiff filed an application for SSI benefits on October 12, 2005, alleging that she had been disabled since September 1, 1994, because of the residual effects of a bilateral mastectomy, Graves' Disease, depression, and other psychological disorders. Her application was denied initially on November 25, 2005, and was denied upon reconsideration on February 21, 2006.

    Pursuant to plaintiff's timely request, a hearing was held before Administrative Law Judge (ALJ) Ralph Jones on July 30, 2007. Plaintiff; Trung Le, plaintiff's brother; and Scott Stipe, a Vocational Expert (VE); testified at the hearing. In a decision filed on October 10, 2007, ALJ Jones found that plaintiff was not disabled within the meaning of the Act. That decision became the final decision of the Commissioner on May 20, 2009, when the Appeals

Council denied plaintiff's request for review. In the present action, plaintiff seeks review of that decision.

### Factual Background

Plaintiff was born on April 1, 1956, and was 49 years old at the time of the ALJ's decision denying her application for benefits. She passed an examination in Vietnam that demonstrated she had the equivalent of a high school education, and has completed one year of college course work. The parties disagree as to whether plaintiff is literate in English and can communicate in English. Plaintiff has past relevant work experience as a care provider.

### Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not

meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(e).

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1).

At Steps One through Four, the burden of proof is on the claimant. <u>Tackett</u>, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. <u>Id.</u>

## **Medical Record**

The medical record indicates that plaintiff has undergone a bilateral mastectomy, has been treated for a hyperthyroid condition apparently caused by Grave's disease, and has been treated for depression and paranoid ideation.

**ALJ's Decision**

At the first step of his disability analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since filing her application for SSI benefits on October 12, 2005.

At the second step, the ALJ found that plaintiff's severe impairments included a history of breast cancer, Grave's disease, and an affective disorder.

At the third step of the analysis, the ALJ found that plaintiff's severe impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926) (the listings).

The ALJ next set out his conclusions as to plaintiff's residual functional capacity (RFC). He found that plaintiff could perform light exertional level work, with the exception of being limited to occasional ladder, rope, and scaffold climbing, and only occasional crawling. The ALJ found that plaintiff could frequently climb ramps and stairs, balance, stoop, kneel, and crouch. He also found that plaintiff could understand, remember, and carry out simple tasks, and could occasionally carry out "more familiar complex tasks." He added that plaintiff should not work closely with the public, but could "get along in casual, routine social situations." In reaching this RFC determination, the ALJ found that, though her medical impairments could reasonably be expected to produce the symptoms alleged, plaintiff's statements concerning the severity and limiting effects of those symptoms were not entirely credible. In reaching this conclusion, the ALJ found that plaintiff's testimony concerning debilitating headaches and fatigue were "not consistent with the treatment record." He also concluded that the testimony of plaintiff's brother, Trung Le, was not entirely credible. The ALJ found that Mr. Le's "allegations" concerning the severity of plaintiff's symptoms, including fatigue and weakness, were inconsistent with the medical record.

At the fourth step, the ALJ found that plaintiff did not have the residual functional capacity required to perform her past relevant work as a care giver, which he identified as "medium exertion, semi-skilled" work.

At the next step, the ALJ found that plaintiff was "able to communicate in English." Based upon the VE's hearing testimony, he concluded that plaintiff retained the functional capacity required to work as housekeeper/cleaner, cannery worker, and small parts assembler. Accordingly, he found that she was not disabled within the meaning of the Act.

### Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

**Discussion**

Plaintiff contends that the ALJ erred in failing to find plaintiff disabled based upon the Medical Vocational Guidelines (the Grids), improperly rejected the lay witness testimony of Trung Le, plaintiff's brother, and failed to properly consider all of plaintiff's physical and psychological impairments.

1. **Contention that plaintiff should be found disabled based upon the Medical Vocational  Guidelines**

Under the "Grids," an individual is deemed disabled if she  (1) is at least 50 to 54 years old; (2) can no longer perform her past work; (3) has a history of unskilled work experience, or has only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within her functional capacity; and (4) is illiterate in English or unable to communicate in English. 20 C.F.R. Part 404, Subpt. P, App. 2 §§ 202.00 (c) and (d).

As to three of these requirements, there is no argument: Plaintiff was 51-1/2 years old on the date of the ALJ's decision.  The ALJ found that plaintiff could not perform her past relevant work, and the Commissioner does not assert that she has transferable skills.  The question therefore is whether plaintiff is illiterate in English or cannot communicate in English.

The Commissioner contends that the ALJ correctly concluded that plaintiff "was sufficiently fluent in English."  He observes that one of plaintiff's treating physicians noted that, though plaintiff partly relied on an interpreter, she was able to speak some herself in English.  This doctor wrote: "Interpreter present and needed some parts.  Pt quite good English."  An interpreter was used at both of the hearings conducted by the ALJ.  When the ALJ asked whether she was able to understand in classes she had taken at Portland Community College, plaintiff first said "I don't understand at all."  The Commissioner notes that, upon further questioning, plaintiff stated that she was able to speak "a little bit" of

English. When the ALJ asked how she was "able to attend the classes and not understand what was being said," plaintiff replied, through an interpreter, "A little bit, a little bit." Upon further questioning, plaintiff acknowledged taking English classes in Vietnam. When asked if she was therefore able to understand "some of what's going on," plaintiff replied, through an interpreter: "I can understand a little bit but if I can read it, I can understand it."

The Commissioner asserts that the evidence "demonstrated that Plaintiff was able to read English and had a sufficient ability to speak the language." Plaintiff contends that she "is either illiterate in English, or cannot communicate in English; or more likely, both."

The record neither supports plaintiff's contention that she is not literate in English, nor the ALJ's conclusion that she "can communicate" in this language, within the meaning of relevant regulations. Responding to questions about classes conducted in English, plaintiff testified that if she "could read it," she could "understand it." In the context of the ALJ's questioning, this response is best understood as plaintiff's affirmation that she could understand written English. This is consistent with the indication, in the initial disability report, that plaintiff could read English and could write more than her name in English, but could not speak and understand the language. The Agency field interviewer who prepared the initial disability report concluded that plaintiff "can read English very well & did take the time to read appl very carefully but just can't speak English."

Substantial evidence in the administrative record supports the conclusion that plaintiff can read and write English. The record does not, however, include substantial evidence supporting the ALJ's conclusion that plaintiff "can communicate" in this language. In the face of substantial evidence that plaintiff's ability to speak English is very limited, a single notation of "pt quite good English" in the notes of a physician who also stated that an interpreter was needed is insufficient to support the conclusion that plaintiff "can communicate" in this language. An interpreter was used at both of plaintiff's hearings, and nothing in the record suggests that an interpreter was not needed, and that plaintiff could have "communicated" in English without the interpreter's assistance. The agency interviewer who

8 - OPINION AND ORDER

prepared the initial disability report concluded that plaintiff "can't speak English," and this conclusion is consistent with the great weight of the evidence in the record concerning this issue.

As noted above, the Commissioner does not challenge plaintiff's assertion that, if she is illiterate or unable to communicate in English, plaintiff is disabled according to the Medical-Vocational guidelines. The record will not support the conclusion that plaintiff can "communicate" in English, because the bulk of the evidence concerning this issue indicates that plaintiff's ability to understand spoken English and to speak English is severely limited. Under these circumstances, the ALJ should have applied the "grids." Had he done so, he would have been required to find plaintiff disabled. Under 20 C.F.R. Part 404, Subpt. P, App. 2 §§ 202.00 (d), where other factors not at issue here are satisfied, the claimant is at least 50 to 54 years old, and the claimant's "vocational scope is further significantly limited by illiteracy or inability to communicate in English," a "finding of disability is warranted."

Under these circumstances, remanding this action to the Agency for a finding of disability and for calculation of the amount of benefits to be awarded is appropriate.[1]

2. **Contention that ALJ failed to properly address lay witness evidence**

Plaintiff contends that the ALJ committed reversible error because he failed to provide legally sufficient reasons for discounting the testimony of plaintiff's brother, and failed altogether to address the witness statement submitted by plaintiff's brother-in-law. Though my conclusion plaintiff is entitled to an award of benefits for other reasons makes it unnecessary to address this question, I will briefly set out my reasons for concluding that plaintiff is correct.

---

[1] The Commissioner correctly notes that plaintiff may not receive SSI benefits for any time before October 12 2005, the date of her application for benefits. See 20 C.F.R. §§ 416.200, 416.202(g).

9 - OPINION AND ORDER

a. <u>Testimony of plaintiff's brother</u>

Plaintiff's brother, Trung Le, testified as follows at the hearing.

Plaintiff believes that she is always being followed by the police or the FBI. This makes her stay indoors. Plaintiff has difficulty being around people, and tries to isolate herself.

When plaintiff was taking Community College classes, she learned a little, but not as well as a normal student would have. She cannot drive because she is too careless. Plaintiff tires easily because of a thyroid problem, and her weakness would prevent her from working. She has difficulty remembering things, and as a result, misses appointments.

The ALJ concluded that this testimony was "not entirely credible in light of the medical record." He noted that in July, 2005, plaintiff had "reported that she was a little bit tired but was able to go for walks and cooked" and "indicated she enjoyed life and was happy." The ALJ further stated that there was "no medical evidence of weakness or difficulties in memory."

An ALJ must provide reasons that are "germane" for discounting lay witness testimony. <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918-19 (9th Cir. 1993).

Plaintiff contends that the ALJ's reasons for finding that Trung Le was less than wholly credible did not meet this standard. I agree. The single medical record that the ALJ cited is not inconsistent with Trung Le's testimony. That record notes that plaintiff reported that she was tired, but could go for walks and cook, and enjoyed life. Trung Le testified that plaintiff was able to walk from a grocery store with groceries. Though he testified that plaintiff had mental problems, isolated herself, had memory problems, and was weak and fatigued, he did not testify as to whether she was happy or enjoyed life. Trung Le's testimony was consistent with the medical records of Dr. Leung, plaintiff's treating psychiatrist, who reported that plaintiff heard and responded to voices, and feared those around her. The remainder of his testimony was supported by other evidence in the medical record.

10 - OPINION AND ORDER

b. <u>Testimony of plaintiff's brother-in-law</u>

Quy Nguyen, plaintiff's brother-in-law, submitted a third-party statement describing plaintiff as follows. Plaintiff can no longer function normally or go to school, sometimes needs three to four hours to prepare a meal, and takes a very long time to perform other household chores. Her mood is unpredictable, and she talks to herself a lot. She lacks the energy needed to do household tasks, and needs encouragement and reminders. She does not pay bills because she cannot comprehend them, and cannot get along with others, including her own siblings. Plaintiff is unfriendly and unpleasant, and simply wants to be left alone. She had difficulty lifting, completing tasks, and maintaining concentration.

The Commissioner acknowledges that the ALJ failed to address Nguyen's witness statement, but argues that this error was harmless. I disagree with this assertion. Where, as here, an ALJ fails to address competent lay witness evidence,

> a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.

<u>Stout v. Commissioner</u>, 454 F.3d 1050, 1056 (9th Cir. 2006). Nguyen's opinion is consistent with the testimony of plaintiff's brother and with evidence in the medical record, and I cannot conclude that "no reasonable ALJ" who credited Nguyen's observations could reach a different conclusion than was reached by the ALJ here. Instead, crediting his opinion would strongly support a finding of disability.

## Conclusion

This action is remanded to the Agency for a finding of disability and an award of benefits.

DATED this 7th day of December, 2010.

>                                /s/ John Jelderks
>                                John Jelderks
>                                U.S. Magistrate Judge

11 - OPINION AND ORDER